# UNITED STATES DISTRICT COURT
for the
Central District of Illinois



In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 19-MJ-7242
Information Associated with the Cellular Device Assigned )
with Call Number (623) 374-1125, that is in the Custody )
or Control of Sprint )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of Kansas, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, §§ 846, 841(a)(1) and (b)(1)(B), and 856(a)(2) and (b); and 18 USC §1071 | Conspiracy to possess with the intent to distribute marijuana; possession with the intent to distribute cocaine; maintaining drug-involved premises; and concealing a person to prevent discovery and arrest |

The application is based on these facts:

See attached affidavit of US Marshals Service Task Force Officer Robert Dustin Sumption, which is incorporated herein by reference.

☑ Continued on the attached sheet.

☑ Delayed notice of _____ days (give exact ending date if more than 30 days: 3/1/2020 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/Robert Dustin Sumption

_____
*Applicant's signature*

USMS TFO Robert Dustin Sumption
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric Long

Date: 12/06/2019

_____
*Judge's signature*

City and state: Urbana, Illinois       Hon. Eric I. Long, US Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH ) <br> OF INFORMATION ASSOCIATED ) <br> WITH THE CELLULAR DEVICE ) <br> ASSIGNED WITH CALL NUMBER ) <br> (623) 374-1125, THAT IS IN THE ) <br> CUSTODY OR CONTROL OF SPRINT ) | Case No. 19-MJ-7242 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Robert Dustin Sumption, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number (623) 374-1125 ("the SUBJECT ACCOUNT"), with listed subscriber(s) Ricky Mendoza, that is in the custody or control of Sprint, a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas. As a provider of wireless communications service, Sprint is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require Sprint to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of

Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

4. I am a Task Force Officer with the U.S. Marshals Service's Fugitive Task Force, and have held this position since 2015. Additionally, I am a detective with the City of Champaign Police Department in Champaign, Illinois, and have been so employed for at least the past ten years. In my role as a detective with the Champaign Police Department, I serve in the Investigative Division. In my role as a detective and law enforcement officer, I have received training in and conducted investigations regarding violations of state and federal criminal statutes, including federal controlled substances statutes.

5. I am familiar with, and have utilized, normal methods of investigation, including, but not limited to physical and electronic surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the use of phone location information, and the analysis of telephone records.

2

6. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of (1) the conspiracy to possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (2) the possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); (3) maintaining drug-involved premises in violation of Title 21, United States Code, Sections 856(a)(2) and (b); and (4) concealing a person from arrest in violation of Title 18, United States Code, Section 1071 have been committed, are being committed, and will be committed by Courtney Tyler Johnson, a/k/a "Erve" (hereinafter "Target Subject") and Ivana Booker. Target Subject was charged with the aforementioned crimes listed as "(1)", "(2)", and "(3)" in a superseding indictment on September 4, 2019. There is also probable cause to believe that the Ivana Booker is aware of these charges against Target Subject and is harboring or concealing Target Subject so as to prevent Target Subject's discovery and arrest. There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes as further described in Attachment B.

8. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated; *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9. The United States, including the Federal Bureau of Investigation ("FBI"), is conducting a criminal investigation of Target Subject regarding possible violations of (1) the conspiracy to possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (2) the possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); (3) maintaining drug-involved premises in violation of Title 21, United States Code, Sections 856(a)(2) and (b); and (4) concealing a person from arrest in violation of Title 18, United States Code, Section 1071. The Springfield Grand Jury charged Target Subject with the aforementioned crimes listed as "(1)", "(2)", and "(3)" in a superseding indictment on September 4, 2019 (CDIL No. 19-cr-20053; R. 58). Prior to the superseding indictment and on July 3, 2019, Target Subject was charged by way of a criminal complaint (CDIL No. 19-mj-7133; R. 1) authorized by U.S. Magistrate Judge Eric I. Long with violating Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C). U.S. Magistrate Long issued an arrest warrant for Target Subject on July 3, 2019. The aforementioned application and supporting affidavit for the criminal complaint are

incorporated by reference. The FBI has formally requested the assistance of the United States Marshals Service ("USMS") in locating and arresting Target Subject, and delegated to the USMS primary responsibility for executing the outstanding arrest warrant. Subsequent to the issuance of the arrest warrant, there is probable cause to believe that Ivana Booker is harboring and concealing the Target Subject in order to prevent the Target Subject's discovery and arrest, in violation of Title 18 United States Code, Section 1071.

10. On July 11, 2019, several search warrants were executed in the Decatur, Springfield, Collinsville (Illinois) and St. Louis (Missouri) areas. The search warrant in St. Louis was an apartment known to be Target Subject's primary residence. Johnson was not located but his girlfriend (Ivana Booker) and son (C.J.) were present. Law enforcement agents informed Ivana Booker on July 11, 2019, that there was an outstanding warrant for the Target Subject's arrest. Jennifer Fisher (Target Subject's mother), Gabrielle Johnson (Target Subject's sister), and Timothy Ealey (Target Subject's associate and co-conspirator) were arrested pursuant to federal arrest warrants for the conspiracy to distribute controlled substances. As of the date of this affidavit, Target Subject's whereabouts remain unknown and the arrest warrant remains unserved.

11. On July 17, 2019 and August 6, 2019, law enforcement interviewed Target Subject's grandmother (K.K.). K.K. advised that after the July 2019 interview, she spoke telephonically with Target Subject. K.K. told Target Subject that she had been

interviewed and that a warrant had been issued for Target Subject's arrest. K.K. tried to talk Target Subject into turning himself in to law enforcement.

12. On August 7, 2019, Law enforcement personnel viewed the Facebook page associated with:

    Facebook User ID:      799668227
    Facebook Username:     gottis.way.9
    Facebook Username:     Courtney Johnson



*Figure 1: Facebook Profile Picture for Facebook Name Courtney Johnson*

Agents investigating the Target Subject are familiar with what Target Subject looks like based on this investigation. On multiple instances law enforcement has conducted video and in-person surveillance of Target Subject. Based on coordination with other law enforcement agents investigating the Target Subject, the affiant believes the profile picture for the Facebook user gottis.way.9 depicts Target Subject. The account's timeline indicated the profile picture had been updated on August 6, 2019, at 12:06 AM further indicating this had been accessed recently.

6



*Figure 2: Facebook Timeline event for Facebook Name Courtney Johnson*

13. On August 8, 2019, U.S. Magistrate Long issued a search warrant (CDIL No. 19-MJ-7173) to Facebook for information associated with Facebook user gottis.way.9, user ID 799668227. Facebook's response included, but was not limited to, the following: (1) the account had registered email addresses of: mac34ty@yahoo.com, ctjohnson@eiu.edu, and gottis.way.9@facebook.com; and (2) hometown of Decatur, Illinois.

14. On October 1, 2019, law enforcement interviewed Tera Robinson. Prior to the interview, law enforcement had identified Robinson as a previous girlfriend of Target Subject and that her primary residence was in the Atlanta, Georgia area. Robinson also has Decatur, Illinois real estate properties in her name. During the investigation, law enforcement determined these properties were purchased with U.S. currency by Target Subject, which were proceeds from his Drug Trafficking Organization. During the interview, Robinson acknowledged she and the Target Subject had a previous dating relationship that ended in early 2019. Robinson had continued to

communicate with Target Subject primarily by Instagram. Robinson advised communicating with Target Subject as recently as September 19, 2019, via Instagram. Robinson advised that Target Subject's account was "gottisway". Robinson showed law enforcement her cellular telephone which had her Instagram application installed. Robinson's Instagram account showed messages from another Instagram account named "gottisway".

15. Law enforcement reviewed the photograph associated with the Instagram account "gottisway" (shown in Figure 3).



*Figure 3: Instagram Profile Picture
Instagram Identifier: gottisway*

Law enforcement believes that the photo is that of Target Subject. The picture depicts Target Subject wearing specific jewelry that was seized from Target Subject's known residence.

16. Law enforcement knows from this investigation, Target Subject has utilized the nickname "Gotti" and also utilized other social media accounts under the name gottisway. For example, the Facebook account associated with Target Subject utilized the Facebook Username of "gottis.way.9".

17. On October 9, 2019, U.S. Magistrate Long issued a search warrant (CDIL No. 19-MJ-7206) to Instagram for information associated with Instagram account "gottisway." Instagram's response included, but was not limited to, the following: (1) the account had registered email addresses of: mac34ty@yahoo.com; (2) the account had been logged into from a device utilizing an Internet Protocol (IP) address associated with Sprint as recently as October 9, 2019; (3) on July 21, 2019, at 20:03:58 UTC, the account was accessed from an IP address (version 6, also commonly referred to as an IPv6 address) of 2600:0001:c46b:e942:184d:87f0:a6f8:263b; and (4) the content posted to the account included the following picture:



*Figure 4: Instagram Posted Content on 04/16/2019*
*Instagram Identifier: gottisway*

Law enforcement believes that the photo portrays Target Subject. The picture depicts Target Subject wearing specific jewelry that was seized from Target Subject's known residence.

18. On November 4, 2019, law enforcement served a subpoena on Sprint requesting information related to the IPv6 address (2600:0001:c46b:e942:184d:87f0:a6f8:263b) used to access the Instagram account

9

"gottisway" on July 21, 2019, at 20:03:58 UTC. Sprint's response on November 14, 2019, included, but was not limited to, the following as it related to the device/account (Subject Account) that utilized the aforementioned IPv6 address on the aforementioned date and time:

| Account Number | 365308849 |
| --- | --- |
| Account Established | 07/12/2019 |
| Status | Active through date searched |
| Account Billing Address | Ricky Mendoza<br>12013 W Thunderbird Rd<br>El Mirage, AZ 85335 |
| Account Type | Boost Prepaid Account |
| Subscriber ID | 65252091221 |
| PTN/MDN | 6233741125 |
| IMSI | 310120166250392 |
| MSID | 6026724349 |
| ESN | 089496884007487637 |

19. The PTN/MDN refers to a phone number assigned to the Sprint Account. Here, the Sprint Account phone number is "6233741125," which is the "Subject Account" telephone number. The Subject Account was established on July 12, 2019, which is the day after law enforcement executed search warrants on July 11, 2019.

20. Deputy U.S. Marshals verified with Sprint that the Subject Account telephone number is serviced by Sprint Corp.

21. Deputies with the U.S. Marshals Service retrieved surveillance video from a restaurant in the Atlanta, Georgia, area within the ten days preceding December 3, 2019. The Target Subject was depicted in that surveillance video accompanied by Ivana Booker at the restaurant in the time between November 25, 2019, and December 3, 2019.

22. In my training and experience, I have learned that Sprint is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

23. Based on my training and experience, I know that Sprint can collect cell-site data on a prospective basis about the SUBJECT ACCOUNT. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular devices to which they

11

provide service in their normal course of business in order to use this information for various business-related purposes.

24. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

25. Based on my training and experience, I know that wireless providers such as Sprint typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as Sprint typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other

transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT ACCOUNT's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

26. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment A for each communication to or from the SUBJECT ACCOUNT, without geographic limit, for a period of forty-five days (45) days pursuant to 18 U.S.C. § 3123(c)(1).

27.	I further request that the Court direct Sprint to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

s/Robert Dustin Sumption

Robert Dustin Sumption
Task Force Officer
U.S. Marshals Service

Subscribed and sworn to before me on December 6, 2019.

s/Eric Long

HONORABLE ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

14

## ATTACHMENT A
### Property to Be Searched

This warrant applies to records and information associated with the cellular device assigned call number 623-374-1125 ("the SUBJECT ACCOUNT"), with listed subscriber(s) as Ricky Mendoza that is in the custody or control of Sprint, a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas.

**ATTACHMENT B**
**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following information about the customers or subscribers associated with the SUBJECT ACCOUNT for the time period July 11, 2019, through the present:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity

2

        Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR; and]**

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT ACCOUNT, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

b. Information associated with each communication to and from the SUBJECT ACCOUNT for a period of 45 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT PHONE will connect at the beginning and end of each communication.

3

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 1071 (concealing a person from discovery and arrest) involving Ivana Booker.

All information described above in Section I that will assist in arresting Courtney Tyler Johnson (the "Target Subject"), who was indicted as recently as September 4, 2019, with (1) conspiracy to possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (2) possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); and (3) maintaining drug-involved premises in violation of Title 21, United States Code, Sections 856(a)(2) and (b). The Target Subject is the subject of an arrest warrant issued on September 4, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.